NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 25 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GREGORY D. BARREN, Sr.,

Plaintiff-Appellant,

v.

T. ROBINSON, et al.,

Defendants-Appellees.

No.    14-16792

D.C. No. 2:11-cv-00650-RLH-CWH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, District Judge, Presiding

Submitted August 16, 2016[**]

Before:    O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Gregory D. Barren, Sr., appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging false arrest. We review de novo

cross-motions for summary judgment, *Guatay Christian Fellowship v. County of*

*San Diego*, 670 F.3d 957, 970 (9th Cir. 2011), and review for an abuse of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion evidentiary rulings made in the context of summary judgment, *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). We affirm.

The district court properly granted summary judgment for defendants because Barren failed to raise a genuine dispute of material fact as to whether defendants had probable cause to arrest him. *See United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) (defining probable cause); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam) (a plaintiff must show there was no probable cause in order to prevail on a § 1983 claim for false arrest).

The district court did not abuse its discretion by considering the 911-call because it was considered for a non-hearsay purpose, and the arrest and domestic violence reports because they were admissible under the "regularly conducted activity" exception to the hearsay rule. *See* Fed. R. Evid. § 803(6); *United States v. Pazsint*, 703 F.2d 420, 424 (9th Cir. 1983) ("It is well established that entries in a police report which result from the officer's own observations and knowledge may be admitted" under Rule 803(6)). Further, the district court did not abuse its discretion by not considering the letters purportedly authored by the alleged victim because they were not authenticated. *See* Fed. R. Evid. § 901(a); *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (discussing authentication requirements in the summary judgment context).

14-16792

Defendants' motion to file physical exhibits (Docket No. 9) is denied as unnecessary.

**AFFIRMED.**